■ In the Matter of RAYMOND C. MILLER, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated November 6, 1969, which revoked petitioner's commission as a notary public and denied his application for a renewal thereof. Determination annulled, on the law, with costs. The charge against petitioner derives from his notarization of an assignment of a mortgage dated November 16, 1966, to which the name of one Haigh Chekenian, as the purported assignor, was subscribed thereon by a person other than Chekenian. There is substantial evidence in the record to indicate that the signature of Chekenian was forged at the request of, or with the knowledge of, someone other than petitioner. Respondent found that there was no evidence that petitioner had knowledge of or participated in this scheme. We agree. Petitioner testified that the signature on the assignment appeared to be his, but he had no independent recollection of the specific transaction. He further testified that he follows and has followed accepted notarial practices and he would not have notarized the assignment unless the affiant appeared before him and either identified himself or was personally introduced by someone known and trusted by petitioner. Respondent rejected the inference which flowed from this testimony, i.e., that some person falsely represented himself or was falsely introduced as Haigh Chekenian to petitioner, who then in good faith took his signature. Instead, respondent merely concluded that petitioner had engaged in irregular practices in the notarization of documents, such as signing blank documents or notarizing executed documents in the absence of the affiants and that someone in petitioner's office knew of such practices and utilized his knowledge to obtain notariziation of a forged document. In our opinion, there is no substantial evidence in the record to indicate that petitioner ever engaged in such irregular practices; and, consequently, respondent's determination should be annulled (*Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256). Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.